Carmen **RODRIGUEZ–GARCIA, Plaintiff,**

v.

**MUNICIPALITY OF CAGUAS,**
**et al., Defendant.**

No. CV. 01–2525(HL/GAG).

United States District Court,
D. Puerto Rico.

Dec. 14, 2004.

Godwin Aldarondo–Girald, Aldarondo Girald Law Office, Laura Maldonado–Rodriguez, San Juan, PR, for Plaintiff.

Grisselle Gonzalez–Negron, Luis E. Pabon–Roca, Faccio & Pabon Roca, Kenneth Colon–Alicea, Michael C. McCall, Michael Craig McCall Law Office, Salvador J. Antonetti–Stutts, Pietrantoni Mendez & Alvarez, San Juan, PR, for Defendant.

**ORDER**

GELPI, United States Magistrate Judge.

In their *Motion in Limine* (Docket No. 92), defendants move to exclude as a witness Mr. Roberto Carrasquillo. A perusal of the record indicates that plaintiff did not announce him as a witness in her initial Rule 26(a)(1) statement, nor in any supplemental Rule 26(e)(1) statement. *See* Order to Show Cause of 12/23/02 (Docket No. 41). However, in her summary judgment opposition (Docket No. 33), plaintiff submitted an affida-

**68**

vit from Carrasquillo (Exhibit 6)[1], which upon subsequently showing cause (Docket No. 50), was duly considered by Judge Laffitte in denying defendants' summary judgment motion (*see* Docket No. 74).

The Court notes that at no point in this litigation, following the filing of plaintiff's summary judgment opposition, did defendants request as a Rule 37 remedy to have Carrasquillo available for a deposition, either to contest his affidavit, or for trial purposes. Defendants merely stated that they were unable to depose him (*see* Docket No. 40 at page 5 and Docket No. 77 at page 8), and accordingly, moved for his statement not to be considered by the Court.

In the March 10, 2003 proposed pretrial report (Docket No. 57), the plaintiff announced Carrasquillo as a witness. Again, he was announced in the final pretrial report of November 4, 2004 (Docket No. 83).

The Court, given the procedural facts of this case, finds that defendants had sufficient notice of plaintiff's intent to call Carrasquillo as a witness as early as the filing of plaintiff's opposition to their summary judgment motion, which was filed on November 18, 2003 (Docket No. 33). As stated before, defendants moved to preclude his statement from being introduced at the summary judgment stage, however, they never sought to depose him. Although discovery indeed ended on September 20, 2002, as per Judge Laffitte's scheduling order, such deposition would have been authorized upon request. *See, e.g., Central States Industrial Supply, Inc. v. McCullough,* 279 F.Supp.2d 1005, 1025 (N.D.Iowa 2003)(holding that proper Rule 37 sanction for violation of Rule 26(a) when plaintiff presented affidavit at summary judgment stage was to authorize a deposition *prior* to trial at plaintiff' expense).

Here, the defendants' summary judgment reconsideration motion was denied on October 14, 2004 (Docket No. 79), and the defendants' original summary judgment motion also denied on August 10, 2004 (Docket No. 74). Thus, since this last date, defendants could have reasonably and with cause requested a post-discovery/pre-trial deposition

of Carrasquillo, which was indeed warranted under Rule 37. Not having done so, they cannot now claim that they were precluded from deposing Carrasquillo. The fact that Judge Laffitte considered Carrasquillo's affidavit as sufficient to create a triable issue of material fact is in the Court's present opinion sufficient notice to defendants that his testimony would likewise be presented at trial.

Accordingly, the defendant's motion *in limine* as to Carrasquillo's trial testimony is hereby DENIED.

**IT IS SO ORDERED.**

### ORDER

The Court notes for the record that footnote 1 of its December 14, 2004 order (Docket No. 109) states that the Carrasquillo affidavit contained in the Court's record is unsigned. In open court, this day, however, defendants' counsel, Mr. Colón, informed that the copy of the Carrasquillo affidavit contained in defendants' copy of the summary judgment opposition was indeed signed. The Court, hereby concludes that the inclusion of the unsigned affidavit in the Court's record (Exhibit 6 to Docket No. 33) does not warrant the vacating of Judge Laffitte's summary judgment ruling, denying defendants' motion (Docket Nos. 74 and 79). Rather, as there is no dispute as to the fact that an affidavit signed by Carrasquillo did exist, the proper recourse is for the Court to order plaintiffs to file with the Court a signed copy of the same. *See, e.g., Shepard v. Frontier Communications Services, Inc.,* 92 F.Supp.2d 279, 284–285 (S.D.N.Y.2000) (holding that fact that plaintiff failed to submit copy of signed affidavit in opposition to summary judgment was not fatal, as signed copy was filed, and there was no dispute that the affidavit was actually signed at the outset). Accordingly, the Court hereby orders plaintiff to file a copy of the signed Carrasquillo affidavit on or before 12/17/04.

**SO ORDERED.**

---

1. The Court notes that the copy of the affidavit contained in the record is not signed by Carrasquillo. However, this matter was not raised to the Court in defendants' reply (Docket No. 40) or subsequently.